IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERONICA DOMINGUEZ,

        Plaintiff,                        No. CIV S-02-0162 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,        ORDER

        Defendant.

_____/

        Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $14,067.93 for 37.94 hours of professional time[1] devoted to the representation of plaintiff before this court.  Counsel acknowledges that this amount should be offset in the amount of $5,400.00 for fees previously awarded under EAJA.

        42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[1] Paralegal time was calculated as half the equivalent of attorney time.

1   Rather than being paid by the government, fees under the Social Security Act are awarded out of
2   the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),
3   receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).
4   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also
5   must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09
6   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory
7   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those
8   agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must
9   show that the fee sought is reasonable for the services rendered."  Id. at 807.

10        The amount sought represents 21 percent of past due benefits, well within the
11  statutory maximum.  Counsel seeks fees for 37.94 hours.  Based on the quality of counsel's
12  representation and the results achieved in this case, the undersigned finds the amount of hours
13  expended to be reasonable.  The hourly rate of $370.79 is also reasonable.  Accordingly, the
14  motion for attorney's fees will be granted.[2]

15        Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded
16  $14,067.93 in attorney's fees under 28 U.S.C. § 406, to be offset in the amount of $5,400.00
17  previously awarded under EAJA.

18  DATED:  November 14, 2006.

19  006
    dominguez.fee

    _____
    U.S. MAGISTRATE JUDGE

---

25      [2] Counsel's efforts to obtain a written statement from plaintiff as to her position with
    regard to the motion, as outlined in counsel's filing of November 10, 2006, are sufficient to
26  comply with the court's order of October 12, 2006.

2